**SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P., Plaintiff–Appellant,**

v.

**JOHNSON & JOHNSON–MERCK CONSUMER PHARMACEUTICALS CO., Defendant–Appellee.**

No. 01–7709.

United States Court of Appeals, Second Circuit.

Sept. 26, 2001.

Helene D. Jaffe, Weil Gotshal & Manges LLP, New York, NY, for appellant.

Steven A. Zalesin, Patterson, Belknap, Webb & Tyler LLP, New York, NY, for appellee.

Present JOSEPH M. McLAUGHLIN and ROSEMARY S. POOLER, Circuit Judges.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

SmithKline Beecham Consumer Healthcare, L.P. ("SmithKline") appeals from an order by the United States District Court for the Southern District of New York (Batts, *J.*) denying its motion for a preliminary injunction to enjoin Johnson & Johnson–Merck Consumer Pharmaceuticals Co. ("J & J–Merck") from airing a television commercial alleged to be false and misleading in violation of the Lanham Act, 15 U.S.C. § 1125(a). For the reasons given below, we affirm.

SmithKline manufactures Tums, an antacid. J & J–Merck manufactures Pepcid Complete, which combines an antacid and an acid blocker. Both are used to treat heartburn. The parties agree on the way heartburn and its remedies works. Heartburn is a burning sensation in the chest caused by a flowing back of stomach acid into the esophagus. Antacids work by neutralizing stomach acid. Because they only work until emptied from the stomach, the neutralizing effect lasts for an hour or two. Acid blockers work by entering the bloodstream to decrease the production of new acid in the stomach. The effect of acid blockers, therefore, can last for nine hours. It is undisputed that the majority of Tums users do not need to take a second dose of antacid to soothe their symptoms.

At issue here is a Pepcid Complete television commercial dubbed the Car Wash Commercial (the "Commercial"), which began airing March 23, 2001. The Commercial depicts a rumpled, slobby man vacuuming out his car. His car dashboard is littered with Tums tablets, food and other debris. The man picks up an old slice of pizza from among the trash and begins to eat it. The announcer asks, "Ever notice how many Tums you have around because your heartburn keeps coming back?" There is a pause in the vacuuming as the man looks quizzically down the vacuum hose, at which point the vacuum explodes, coating the man and the car with white powder. The Commercial then cuts to a shot of the Pepcid complete box, with the words "fast" and "seven times longer" superimposed on top. The announcer states, "There's a neater idea. New Pepcid Complete. It works as fast as Tums, but lasts

* The Honorable Richard J. Cardamone was originally assigned as a member of the panel, but recused himself prior to oral argument and did not participate in the appeal. The appeal is being determined by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. National Broad. Co.,* 35 F.3d 45, 46 (2d Cir.1994).

seven times longer all in a chewable tablet." The Commercial returns to the slobby man, shown sitting in the front seat of his car, covered in white powder and attempting to vacuum himself. It closes with the announcer saying, "New Pepcid Complete. Just one and heartburn's done."

SmithKline argued below that it was likely to prevail on its underlying complaint because the Commercial was literally false, either facially or under the doctrine of necessary implication. The district court disagreed, holding, "Pepcid Complete is advertised to suggest that its use provides consumers with relief with less redosing than with Tums." Further, it found clinical studies submitted by both parties show this claim to be true. The district court rejected SmithKline's argument that the commercial was literally false by necessary implication, instead finding the Commercial susceptible to multiple interpretations. Finding Smith-Kline unlikely to prevail on its underlying complaint, the district court denied the motion for a preliminary injunction.

We review a district court's denial of a preliminary injunction for abuse of discretion, which requires a showing that the district court "relied on clearly erroneous finding of fact or an error of law." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 237 (2d Cir.2001) (citation omitted). "[T]he district judge's determination of the meaning of the advertisement [is] a finding of fact that shall not be set aside unless clearly erroneous." *Id.* (citation and internal quotation omitted).

To establish a claim for false advertising under the Lanham Act, plaintiff must prove the challenged advertisement is either literally false or show that while the advertisement is literally true, it is implicitly false because it is likely to mislead or confuse customers. *L & F Prods. v. Proc-*

*ter & Gamble Co.*, 45 F.3d 709, 711 (2d Cir.1995). If literally false, the claim may be enjoined without additional evidence as to its meaning, but if implicitly false, there must be extrinsic proof showing "the commercial is likely to mislead or confuse." *Id.*

Viewing the record as a whole, and "[g]iven the highly deferential standard of review accorded to the district court findings entered after a bench trial," we cannot say the district court clearly erred. *S.C. Johnson*, 241 F.3d at 239. After a four-day bench trial, the district court found the Commercial suggests Pepcid Complete provides consumers with relief with less redosing than with Tums, and the "clinical scientific studies support the truth of this claim of the primary difference between the two products." This finding that acid blockers provide longer relief than antacids is supported by evidence from experts put on by both parties, as well as by SmithKline's own promotional materials for its acid blocker, Tagamet HB 2000. The district court also found that while a minority of Tums users actually need to redose, that did not make the Commercial literally false because the Commercial did not claim to represent a typical Tums experience. Rather, it found "the legally operative assertion of the Car Wash Commercial is one of the comparative need to re-dose with antacids than with Pepcid Complete, which is true."

On appeal, SmithKline urges the district court abused its discretion. It argues that the Commercial portrays product attributes of Tums and depicts those attributes without disclosing the claims are atypical. The Commercial, it argues, is literally false because it fails to disclose that only a small percentage of Tums users need to redose. To support its argument, SmithKline relies on our recent holding in *S.C. Johnson*, 241 F.3d 232. There, the disputed commercial

depicted a S.C. Johnson Ziploc Slide–Loc resealable storage bag side by side with a Clorox resealable Glad–Lock bag. *Id.* at 234. Both bags are identified by their brand names. *Id.* Both bags are shown filled with water, upside down and with an animated, talking goldfish inside. *Id.* The Slide–Loc bag drips water at a faster rate than the Glad–Lock bag, a defect the district court found actually existed in only a small number of Slide–Loc bags. The commercial was found literally false because it "falsely depicts the risk of leakage for the vast majority of Slide–Loc bags tested." *Id.* at 235.

The district court did not abuse its discretion in distinguishing *S.C. Johnson* from the Commercial. We find comparison of the two cases inapt. In *S.C. Johnson,* the commercial targeted all consumers interested in the product by showcasing a flaw found only in a small percentage of the product. Here, the Commercial targets a small segment of consumers who may suffer continuing heartburn symptoms as a result of a characteristic common to all antacids: they work for less time than acid blockers do. There is no showcasing of a product flaw, as both parties agree the effect of antacids lasts for only an hour or two. That all consumers may not need the extended period of protection offered by acid blockers does not render the Commercial literally false. *See Mead Johnson & Co. v. Abbott Labs.,* 201 F.3d 883, 886 (7th Cir.2000); *Am. Express Travel Related Servs. Inc. v. Mastercard Int'l,* 776 F.Supp. 787, 790 (S.D.N.Y. 1991); *Nikkal Indus. Ltd. v. Salton Inc.,* 735 F.Supp. 1227, 1235 (S.D.N.Y.1990); *Am. Home Prods. Corp. v. Johnson & Johnson,* 654 F.Supp. 568, 576–78, 580 (S.D.N.Y.1987).

SmithKline also argues the commercial is false under the doctrine of necessary implication. *See, e.g., Gillette Co. v. Wilkinson Sword, Inc.,* 1989 WL 82453 (S.D.N.Y.1989). To prevail on this claim, SmithKline must show the commercial susceptible to a single, false interpretation. *Id.* We have yet to adopt this doctrine, although district courts in this Circuit apply it. *Id.* We need not decide the issue here, however, because even assuming *arguendo* that the doctrine applies, we cannot say the district court committed clear error in finding the Commercial open to multiple interpretations.

We have examined the remainder of SmithKline's claims and we find them without merit.