United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2006**

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 12, 2006

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 05-40386

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

MIGUEL TZEP-MEJIA,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Laredo Division
No. L-04-1661

Before DAVIS, BARKSDALE and DEMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Miguel Tzep-Mejia appeals his sentence for illegal reentry following deportation. Based on our conclusion that the non-Guideline sentence imposed by the district court is reasonable, we AFFIRM.

I.

Miguel Tzep-Mejia (Tzep) pleaded guilty to an indictment charging him with reentering the United States after previously being deported. The Presentence Investigation Report (PSIR) calculated his base offense level at 8, under U.S.S.G. §

2L1.2. After initially recommending against a crime of violence enhancement, the PSIR ultimately recommended a 16 level enhancement as a result of the probation officer's determination that a prior New York conviction for attempted assault in the first degree qualified as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). With other adjustments, the defendant's total offense level was 21, with a criminal history category of III, resulting in a recommended Guideline sentencing range of 46-57 months.

In support of the enhancement, the PSIR reported that Tzep was indicted in New York on eight counts, including one count of assault in the first degree. Tzep pleaded guilty to the lesser offense of attempted assault in the first degree. The certificate of disposition and the commitment order also specified the statutory subsection of conviction as New York Penal Law § 120-10(1), assault in the first degree.[1] Further, the Government, in describing the New York conviction at the rearraignment proceeding, recited this same subsection of the statute and Tzep agreed with the government's recitation.

After hearing Tzep's objection to the enhancement, the district court overruled it. The district court then considered the appropriateness of the sentence that would result under the Guidelines with and without the crime of violence enhancement. The district court found that if the prior conviction was not a crime of violence, a Guideline range of

---

[1] See N.Y. Penal Law § 20-10(1)(McKinney 2004).

A person is guilty of assault in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or a third person by means of a deadly weapon or a dangerous instrument[.]

2

10-16 months was applicable and, based on the violent nature of the prior offense, a sentence within this range was not reasonable.[2] It also found that the Guideline range of 46-57 months, which included the crime of violence enhancement for the prior offense, in conjunction with his criminal history category of III, unfairly exaggerated the defendant's criminal history. The district court found that a criminal history Category II fairly represented his criminal history. It also recognized that the defendant had been in the United States for several years and had a degree of cultural assimilation - a proper basis for a downward departure from the Guidelines.[3] Recognizing the non-binding nature of the Guidelines, the district court imposed a non-Guideline sentence of 36 months. Tzep appeals.

## II.

Both the government and the defendant devote the bulk of their argument to discussing whether Tzep's prior conviction for attempted assault is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). If Tzep was convicted of an attempted assault in the first degree under subsection 1 of the New York assault statute, the crime is a clearly a crime of violence under the Sentencing Guidelines.[4] Because Tzep did not plead to a

---

[2] The detective's offense report recited that "defendant hit informant with a closed fist about the face of informant, did strike informant with a knife about the face, neck and throat of informant, causing informant to sustain lacerations to the neck, face and throat of informant, requiring stitches. . . ."

[3] See United States v. Rodriguez-Montelongo, 263 F.3d 429 (5th Cir. 2001).

[4] An assault in the first degree under New York's first degree assault statute, *see fn. 1*, is an aggravated assault which is an enumerated crime of violence offense. U.S.S.G. § 2L1.2, Commentary 1.(B)(ii)(II). See also United States v. Sanchez-Ruedas, 452 F.3d 309 (5th Cir. 2006). An attempt to commit

3

count of the indictment but rather to the lesser offense of attempted assault, Tzep argues that the district court erred in looking to the indictment. Under this court's categorical approach to determining whether offenses constitute crimes of violence, Tzep also argues that the court could not refer to the certificate of disposition or the commitment order to determine under which subsection of the New York assault statute the defendant was convicted. Tzep also argues that his global agreement with the government's factual recitation of the offense, which included the subsection of the statute under which he was convicted, does not constitute an admission which can bind him for these purposes. Based on our disposition of this case as a reasonable non-Guideline sentence, we need not resolve these issues.

III.

Post-Booker[5] case law recognizes three types of sentences under the new advisory sentencing regime: (1) a sentence within a properly calculated Guideline range; (2) a sentence that includes an upward or downward departure as allowed by the Guidelines, which sentence is also a Guideline sentence; or (3) a non-Guideline sentence which is either higher or lower than the relevant Guideline sentence. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).

Before the court imposes a non-Guideline sentence, it must first calculate the

---

an offense that qualifies as a crime of violence is also a crime of violence. U.S.S.G. § 2L1.2, Commentary 4.

[5] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

4

Guideline range and consider the appropriateness of a sentence within that sentencing range to fulfill its duty to consider the Sentencing Guidelines as advisory and as a frame of reference. Id.; United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005) ("Even in the discretionary sentencing system established by [Booker], a sentencing court must still carefully consider the detailed statutory scheme created by the [Sentencing Reform Act] and the Guidelines which are designed to guide the judge toward a fair sentence while avoiding sentence disparity . . . . This duty to consider the Guidelines will ordinarily require the sentencing judge to determine the applicable Guideline range even though the judge is not required to sentence within that range."). This first step ordinarily requires that the district court determine a *properly* calculated Guideline sentence. If the district court makes an error in an application of the Guidelines, we vacate the resulting sentence without reaching the sentence's ultimate reasonableness. United States v. Duhon, 440 F.3d 711, 716 (5th Cir. 2006), (citing United States v. Villegas, 404 F.3d 355, 362 (5th Cir. 2005)). This is so because Booker did not excise 18 U.S.C. § 3742(f). Section 3742(f) requires that if a sentence is imposed "as a result of an incorrect application of the sentencing guidelines" the sentence must be vacated and the case remanded for further sentencing proceedings. If, however, the district court imposes a non-Guideline sentence and that advisory sentence did not directly "result" from any Guideline error, it need not be vacated. Duhon, 440 F.3d at 716.[6]

_____

[6] In Duhon, this court found that the non-Guideline sentence imposed did not result from any Guideline error because the sentencing court stated that it would have imposed the same non-

The district court in this case elected to exercise its discretion to give a non-Guideline sentence after considering the two possible properly calculated Guideline ranges that could apply to the defendant. The district court calculated Tzep's Guideline range with the enhancement at 46-57 months. This range incorporates the only enhancement that is in dispute in this appeal, a 16-point enhancement for a prior conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). At the sentencing hearing, the district court commented on the confusion relating to crime of violence determinations. The court then looked at the violent nature of the prior offense and determined that even if the prior offense was technically not a crime of violence, the Guideline range without the enhancement, 10-16 months, would not yield a reasonable result. Considering the seriousness of the prior offense, the court stated that the sentence without the enhancement would be unreasonably low and would not protect the public from further crimes. This finding was permissible because under an advisory system "the sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guidelines sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Mares, 402 F.3d at 518. Both of these factors–the history and characteristics of the defendant and the need for the sentence to

Guideline sentence regardless of the proper Guideline range. This court then factored the district court's failure to account for the Guidelines in determining the sentence by refusing to accord the sentence the "great deference" that would otherwise apply. Duhon, 440 F.3d at 716. Because the district court in this case properly considered the two possible Guideline ranges that could apply to the defendant, we need not adjust our standard of review of the non-Guideline sentence imposed.

6

protect the public from further crime - were relevant facts for the district court to consider under 18 U.S.C. § 3553(a).

The district court also considered the Guideline range with the enhancement, 46-57 months. It stated that the offense level including the enhancement properly considered the seriousness of the crime. However, because all of the defendant's criminal history points arose out of one incident, the district court concluded that the criminal history category overstated the seriousness of the defendant's record. The district court also noted that the defendant had been in the United States for many years and had some degree of cultural assimilation and was going to be deported for the rest of his life. The district court then elected to sentence the defendant to 36 months imprisonment.

Tzep's sentence did not "result" from an incorrect application of the Guidelines. Based on facts presented in the PSIR, the district court carefully considered the two possible Guideline ranges that could result depending on how it ruled on the defendant's objection to the crime of violence enhancement. The court then rejected both options and elected to exercise its discretion to impose a non-Guideline sentence.

Both the Second and Eighth Circuits have recognized that the approach followed by the district court in this case is an appropriate one. See United States v. Haack, 403 F.3d 997 (8th Cir. 2005); United States v.Crosby, 397 F.3d 103 (2d. Cir. 2005). In Haack, the court stated: "[t]here may be situations where sentencing factors may be so complex, or other § 3553(a) factors may so predominate, that the determination of a precise sentencing range may not be necessary or practical. However, in those cases the

7

court should be careful to identify potential applicable ranges, the reason why a particular range is not being selected, and other § 3553(a) factors that predominate." Haack, 403 F.3d at 1003, (citing Crosby.)[7]

We emphasize that a court's decision to impose a non-Guideline sentence must be based on the individualized, case specific factors spelled out in § 3553(a). We fully agree with the courts that have held that Booker does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with

---

[7]In Crosby the court stated:

> In one circumstance, however, precise calculation of the applicable Guidelines range may not be necessary. Now that the duty to apply the applicable Guidelines range is not mandatory, situations may arise where either of two Guidelines ranges, whether or not adjacent, is applicable, but the sentencing judge, having complied with section 3553(a), makes a decision to impose a non-Guidelines sentence, regardless of which of the two ranges applies. This leeway should be useful to sentencing judges in some cases to avoid the need to resolve all of the factual issues necessary to make precise determinations of some complicated matters, for example, determination of monetary loss. Similarly, close questions may sometimes arise as to the precise meaning or application of a policy statement authorizing a departure, and a judge who has considered policy statements concerning departures need not definitively resolve such questions if the judge has fairly decided to impose a non-Guidelines sentence.

397 F.3d at 112.

Similarly, in United States v. London, 19 Fed. Appx. 19, 2005 WL 2136947 (2d Cir. 2005), the Second Circuit vacated a sentence imposed under the pre-Booker mandatory guidelines regime. At the time of the original sentencing, the defendant argued that he was eligible for a two-level "safety valve" reduction pursuant to the Guidelines. The district court found that the ranges with and without the reduction overlapped at 121 months, and therefore declined to decide whether the defendant was eligible for such a reduction. On appeal, the defendant requested that the Second Circuit vacate his sentence and order the district court to consider a safety valve reduction. Although the Second Circuit vacated the pre-Booker sentence, it declined to require the district court to consider the reduction. Citing Crosby, the court reasoned that "[i]f, on remand, the district court decides to impose a non-Guidelines sentence regardless of which of the two ranges applies, ... it will not need to resolve the safety valve issue." Id. at 21.

Congressional and Sentencing Commission policy. Thus, for example, a court is not entitled to base its decision to give a non-Guideline sentence on its disagreement with policy established by Congress and the Commission that traffickers in crack cocaine should receive stiffer sentences than traffickers in powder cocaine. See, e.g.,United States v. Pho, 433 F.3d 53, 61-65 (1st Cir. 2006); United States v. Miller, 450 F.3d 270, 274-76 (7th Cir. 2006); United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006). These courts recognize the obvious distinction between the court's exercise of discretion based on § 3553(a) case-specific factors and disagreement with general policy decisions made by Congress and the Commission. As the First Circuit stated in Pho, "The clear import of this statutory framework is to preserve Congress's authority over sentencing policy and to guarantee that the exercise of judicial discretion over sentencing decisions be based on case-specific circumstances, not on general, across-the-board policy considerations." Pho, 433 F.3d at 62.

The record reveals that the district court, after carefully considering the Guidelines, decided to impose a non-Guideline sentence based on individualized § 3553(a) factors. We proceed to review that sentence for reasonableness.

IV.

Under United States v. Booker, we ultimately review a sentence for "unreasonableness." 125 S. Ct. at 765. The reasonableness standard is flexible, but not unbounded. Both a district court's post-Booker sentencing discretion and the reasonableness inquiry on appeal must be guided by the sentencing considerations set

9

forth in 18 U.S.C. § 3553(a). <u>Smith</u>, 440 F.3d at 707, citing <u>Booker</u>, 125 S. Ct. at 766.[8]

In reviewing for reasonableness, we assess whether the statutory sentencing factors support the sentence. <u>Smith</u>, 440 F.3d at 707. "A non-Guideline sentence is unreasonable where it '(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'" <u>Id.</u> at 708. Tzep makes no argument that the non-Guideline sentence imposed is not reasonable.

---

[8]The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for–

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a) (2000).

Based on our review of the record, we find no basis for overturning the district court's discretion. The factors considered by the district court in setting Tzep's sentence are all relevant, proper factors: the seriousness of the defendant's prior offense and the need to protect the public from further crimes, to promote respect for the law, to provide just punishment for the offense, and to provide adequate deterrence. We see no other factors relating to the defendant that should have received significant weight and find no errors of judgment in the district court's balancing of the sentencing factors.

V.

Tzep also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by the jury in light of Apprendi. As acknowledged by the defendant, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998) and United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S.Ct. 298 (2005).

VI.

For the reasons stated above, we affirm Tzep's sentence.

AFFIRMED.