United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50149
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO LERMA-GALINDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(2:04-CR-59)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alberto Lerma-Galindo (Lerma) appeals his guilty-plea conviction and 48-month sentence for illegally reentering the United States after having been deported previously. Lerma contends that the district court violated the law of the case doctrine on remand by again applying the crime of violence sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A). He further contends that even if the district court's ruling was not error, his sentence is unreasonable.

_____

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court properly considered two different guidelines ranges, with and without the contested sentence enhancement, and determined that the particular facts of Lerma's case warranted a 48 month sentence. See United States v. Smith, 440 F.3d 704, 706-07 (5th Cir. 2006). The alternate non-guidelines sentence imposed by the district court is reasonable considering the "case-specific factors" cited by the district court. See United States v. Tzep-Mejia, 461 F.3d 522, 528 (5th Cir. 2006). Thus, it is unnecessary to address Lerma's argument regarding the imposition of the crime-of-violence sentence enhancement. See id. at 525.

Lerma also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Lerma contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Lerma properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, and that he raises it here only to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.

2