United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20189
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ISRAEL CABALLERO-ZARATE, also known as Israel Zarate
Caballero,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-416-ALL
--------------------

Before HIGGINBOTHAM, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Appealing the Judgment in a Criminal Case, Israel Caballero-Zarate (Caballero) preserves for further review his contention that his sentence is unreasonable because this court's post-Booker[**] rulings have effectively reinstated the mandatory Sentencing Guideline regime condemned in Booker.  Caballero concedes that his argument is foreclosed by United States v. Mares, 402 F.3d 511 (5th Cir.), cert. denied, 126 S. Ct. 43

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**] United States v. Booker, 543 U.S. 220 (2005).

(2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. Caballero also preserves for further review his contention that his sentence is unreasonable because the illegal reentry guideline is unduly severe. Caballero concedes that this argument is foreclosed by United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006), which held that "Booker does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy." Finally, Caballero raises arguments that are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.