United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40287
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANGEL ALFONSO LAZO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2019
--------------------

Before HIGGINBOTHAM, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Appealing the Judgment in a Criminal Case, Angel Alfonso
Lazo preserves for further review his contention that his
sentence is unreasonable because this court's post-Booker[**]
rulings have effectively reinstated the mandatory Sentencing
Guideline regime condemned in Booker.  Lazo concedes that his
arguments are foreclosed by United States v. Mares, 402 F.3d 511
(5th Cir.), cert. denied, 126 S. Ct. 43 (2005), and its progeny,
which have outlined this court's methodology for reviewing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] United States v. Booker, 543 U.S. 220 (2005).

sentences for reasonableness. Lazo also preserves for further review his contention that his sentence is unreasonable because the illegal reentry guideline is unduly severe and because the absence of a "fast track" program creates an unwarranted sentencing disparity. Lazo concedes that these arguments are foreclosed by United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006), which held that "Booker does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy," and by United States v. Aguirre-Villa, 460 F.3d 681, 683 (5th Cir. 2006), petition for cert. filed, (U.S. Nov. 13, 2006) (No. 06-7792), which held that the district court's refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable, respectively. Finally, Lazo raises arguments that are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.