United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-40103
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CRUZ ANTUNA-MORAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-672
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Cruz Antuna-Moran appeals his guilty-plea conviction
and 46-month sentence for illegally reentering the United States
after having been deported previously.  Antuna-Moran argues that
the district court erred by enhancing his base offense level
pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon a
determination that his Texas conviction for aggravated assault of
a peace officer was a crime of violence.  He also argues that the
district court's statement that it would have sentenced him to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

46 months of imprisonment, even if its guidelines calculations were incorrect, does not render the alleged sentencing error by the district court harmless.

Given our decision in United States v. Fierro-Reyna, 466 F.3d 324, 326, 329-30 (5th Cir. 2006), the district court erred in enhancing Antuna-Moran's offense level under § 2L1.2(b)(1)(A)(ii) based upon his prior Texas conviction for aggravated assault on a peace officer. When a district court misapplies the Guidelines, remand is appropriate unless this court concludes, "on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." United States v. Davis, 478 F.3d 266, 273 (5th Cir. 2007).

Here, Antuna-Moran's sentence was not the result of the district court's incorrect application of the Guidelines because the district court stated that, even if it had miscalculated the Guidelines, the resulting guidelines range would be unreasonably low and that it would impose the same 46-month sentence. See United States v. Tzep-Mejia, 461 F.3d 522, 525-26 (5th Cir. 2006). Moreover, the alternate non-guidelines sentence imposed by the district court is reasonable considering the case-specific factors cited by the district court. See id. at 527-28.

Antuna-Moran also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Antuna-Moran contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Antuna-Moran properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, and that he raises it here only to preserve it for further review.

Accordingly, the judgment of the district court is affirmed.  Antuna-Moran's motion to expedite his appeal is denied.

AFFIRMED; MOTION DENIED.