United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40393
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CARMEN MARITZA DIAZ-BEARD

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2362-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Carmen Maritza Diaz-Beard (Diaz) appeals the 41-month term

of imprisonment imposed upon her guilty plea to illegal reentry

following deportation.  She contends that her sentence is

unreasonable because of the deference given by this court to

sentences within a properly-calculated guidelines range.

Specifically, she challenges the presumption of reasonableness

applied to guidelines sentences, see United States v. Alonzo, 435

F.3d 551, 554 (5th Cir. 2006), and our precedent forbidding a

sentencing court from imposing a nonguidelines sentence based

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

solely upon a policy disagreement with a sentence enhancement recommended by the Guidelines.  See United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006).  Conceding that her arguments are foreclosed by circuit precedent, Diaz seeks only to preserve them for appeal.

Diaz further asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) cause the statute to be unconstitutional.  This argument is also foreclosed.  See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Diaz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Diaz properly concedes that the argument is foreclosed and raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.