United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41127
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ISAIAS ALVARADO-HUERTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1569-ALL
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:*

Jose Isaias Alvarado-Huerta appeals from his guilty plea conviction and 57-month sentence for being an alien found unlawfully in the United States after deportation, in violation of 8 U.S.C. § 1326. Alvarado-Huerta argues that his sentence is contrary to United States v. Booker, 543 U.S. 220 (2005), and unreasonable as a matter of law. He contends that this court's post-Booker decisions have effectively reinstated the mandatory guideline scheme condemned by Booker and further argues that, post-Booker, a district court should be allowed to disagree with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

policy decisions of the Sentencing Commission when imposing a sentence.

Alvarado-Huerta concedes that his argument that his sentence is contrary to Booker is foreclosed by United States v. Mares, 402 F.3d 511 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. Furthermore, Alvarado-Huerta acknowledges that his assertion that the district court should be allowed to disagree with the policy decisions of the Sentencing Commission is foreclosed by United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006), which held that "Booker does not give sentencing courts the discretion to impose a non-Guideline sentence based upon the courts' disagreement with Congressional and Sentencing Commission policy." Alvarado-Huerta raises these issues specifically to preserve them for further review.

Alvarado-Huerta also raises constitutional challenges to § 1326(b), which are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Alvarado-Huerta contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Alvarado-Huerta properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.