United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41242
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ANTONIO BLANCO-SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-582
--------------------

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appealing the Judgment in a Criminal Case, Sergio Antonio
Blanco-Salinas (Blanco) preserves for further review his
contention that his sentence is unreasonable because this court's
post-Booker[**] rulings have effectively reinstated the mandatory
Sentencing Guideline regime condemned in Booker.  Blanco concedes
that his argument is foreclosed by United States v. Mares, 402
F.3d 511 (5th Cir. 2005), and its progeny, which have outlined
this court's methodology for reviewing sentences for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] United States v. Booker, 543 U.S. 220 (2005).

reasonableness. In light of <u>Rita v. United States</u>, ___ S. Ct. ___, 2007 WL 1772146 at *6-11 (2007), the issue remains foreclosed. Blanco also preserves for further review his contention that his sentence is unreasonable because the illegal reentry guideline is unduly severe. Blanco concedes that this argument is foreclosed by <u>United States v. Tzep-Mejia</u>, 461 F.3d 522, 527 (5th Cir. 2006), which held that "<u>Booker</u> does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy." Finally, Blanco raises arguments that are foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.