# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-20412
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

THOMAS WAYNE EAST

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-493

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Thomas Wayne East appeals the sentence imposed by the district court following his guilty-plea conviction for possession with the intent to distribute crack cocaine. As his sole argument on appeal, East argues that the district court erred by enhancing his sentence based on his possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). East argues that the Government failed to satisfy its burden of proving a temporal and spatial relationship between the weapon and the drug-trafficking activity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although East's sentence is ultimately reviewed for reasonableness, this court must first determine whether the district court properly calculated his Guideline sentencing range. United States v. Tzep-Mejia, 461 F.3d 522, 526-27 (5th Cir. 2006). East raised this challenge to his sentence in the district court. Review of his argument is thus for clear error. See United States v. Juluke, 426 F.3d 323, 328 (5th Cir. 2005).

Under § 2D1.1(b)(1), the base offense level of a defendant convicted of drug-trafficking is increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The Government has the burden of demonstrating by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug activity, and the defendant. Juluke, 426 F.3d at 328. "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1), comment. (n.3).

The Government established a spatial and temporal relationship between the pistol and the offense. Before East exited the truck, the pistol was located mere feet from the drugs that formed the basis of the conviction. Further, given that East was carrying the drugs on his person, the district court could reasonably have inferred that East was either selling the drugs from his person or his truck, not his hotel room . Because the enhancement is plausible in light of the record as a whole, we AFFIRM the conviction and the sentence.