# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-41592
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE CRUZ LOPEZ, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-537

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges

PER CURIAM:[*]

Jose Cruz Lopez, Jr., pleaded guilty to one count of possession of less than
50 kilograms of marijuana, in violation of 21 U.S.C. § 841. Lopez objected prior
to sentencing to the lack of a downward adjustment for a minor or minimal
participant role under U.S.S.G. § 3B1.2, and to the imposition of a two-level
enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

district court overruled his objections and sentenced him to 27 months in prison, within the sentencing guidelines range. Lopez appeals, and we affirm.

Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). A § 3B1.2 reduction applies only when a defendant is substantially less culpable than the average participant. Id. The defendant's role is not evaluated in reference to the entire enterprise but in relation to the conduct for which the defendant was held accountable. United States v. Garcia, 242 F.3d 593, 598 (5th Cir. 2001). Given (1) that Lopez was responsible for packaging marijuana for another person on three occasions, (2) the statement in the factual basis that he was seen delivering one of the packages to the Post Office, and (3) the quantity of drugs involved, the district court did not clearly err in concluding that a § 3B1.2 adjustment was not warranted.

With respect to the § 2D1.1 enhancement, we again review for clear error. See United States v. Juluke, 426 F.3d 323, 328 (5th Cir. 2005). The Government must demonstrate "by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." Id. The enhancement should be applied unless it is clearly improbable that there was a connection between the weapon and the enhancement. Id.

Although there was a two-year gap in time between the last identified mailed package and the finding of the weapon, the weapon was located next to an express mail package like the ones used previously, and the court found Lopez's claim of fear of home invasion not credible. Thus, we cannot say that the district court clearly erred. In any event, any error would not require reversal. The district court stated that it would impose the same sentence of 27 months even without the enhancement based on Lopez's criminal history. Absent any indication that the sentence was unreasonable, see United States v. Smith,

440 F.3d 704, 707-08 (5th Cir. 2006), we may affirm the district court's alternative ruling that the sentence would be the same notwithstanding the weapons enhancement.  See United States v. Tzep-Mejia, 461 F.3d 522, 526 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.