# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40930
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GUADALUPE PADILLA-ALCOCER

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-448-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Padilla-Alcocer appeals the 33-month sentence imposed following his guilty-plea conviction on one count of being unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326.

In calculating Padilla's sentencing guidelines range of 30 to 37 months, the district court included an eight-level aggravated-felony enhancement, pursuant to Sentencing Guideline § 2L1.2(b)(1)(C), based on Padilla's prior Texas assault conviction. For the first time on appeal, Padilla contends that this offense,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which falls under § 22.01 of the Texas Penal Code, does not qualify as a crime of violence and, therefore, does not qualify as an aggravated felony.

Because this issue was not raised in district court, review is only for plain error. In any event, we need not address whether this particular offense constitutes a crime of violence because Padilla has not demonstrated the sentence was unreasonable. The district court imposed a non-Guideline sentence, stating its desire to impose the 33-month sentence in the light of the 18 U.S.C. § 3553(a) factors and the circumstances of this case, stating that no lesser sentence was appropriate.

Under *Gall v. United States*, 128 S. Ct. 586, 597 (2007), and *United States v. Booker*, 543 U.S. 220, 261 (2005), a sentence is reviewed for "reasonableness". "A non-Guideline sentence is unreasonable where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing sentencing factors." *United States v. Tzep-Mejia*, 461 F.3d 522, 528 (2006) (internal quotation marks omitted). Our review of the record satisfies us that the district court gave proper consideration to the contentions of the parties, the information in the presentence investigation report, and the § 3553(a) factors. *See id.*; *United States v. Bonilla*, 524 F.3d 647, 657-59 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009).

AFFIRMED.