# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2012

No. 12-30175

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN LEWIS, also known as Kevin Lamont Nicholas,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-00184

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kevin Lewis appeals his criminal sentence of 360 months, arguing that the sentence is substantively unreasonable under 18 U.S.C. § 3553(a). For the following reasons, we affirm.

## FACTS AND PROCEEDINGS

Kevin Lewis was convicted by a jury of conspiring to distribute, and aiding and abetting the distribution of, 100 grams or more of heroin. Lewis's criminal history consisted of a manslaughter conviction, for which he served three years

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30175

of an eight-year sentence, and a state drug conviction, for which he spent 10 years in prison. He committed his third and most recent offense within two years of his release from prison on the state drug offense.

During the original sentencing hearing on the heroin charge, the district court determined that Lewis was a career offender and sentenced him to concurrent terms of 360 months in prison. This court vacated the sentence on appeal, however, concluding that Lewis's prior manslaughter offense did not qualify as a crime of violence under U.S.S.G. § 4B1.2. *United States v. Lewis*, 442 F. App'x 88, 92 (5th Cir. 2011).

On remand the district court calculated that, absent the career offender enhancement, Lewis's total offense level would have been 26 and his Criminal History Category would have been IV, resulting in a Guidelines range of 92 to 115 months. However, Lewis was faced with a mandatory minimum sentence of 10 years, which became his Guidelines sentence. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Lewis filed a sentencing memorandum requesting the mandatory minimum sentence of 120 months. He pointed out that he had obtained his GED; had been gainfully employed in construction in the past; enjoyed strong family support; was now 37 years old and had matured; had completed a drug program and taken parenting classes in prison; and had been accepted into the UNICOR federal prison industries training program. The Government, in contrast, urged the court to reimpose the 360-month sentence, arguing that Lewis served only three years of his eight-year manslaughter sentence and was convicted of the instant offense within two years of his most recent release from prison. The Government also contended that, although the manslaughter

offense could not "technically be called a crime of violence," causing the death of another person is violent.

At the sentencing hearing, Lewis's counsel reiterated the importance of Lewis's family support, his new-found maturity, and the fact that Lewis understood that he was receiving a rare opportunity to have the court reconsider the 30-year sentence originally imposed. Lewis's counsel also pointed out that the manslaughter conviction resulted in an eight-year sentence instead of a possible 21-year sentence, suggesting that the commission of the offense was not as severe as it appeared. Members of Lewis's family, including his mother, daughter, and grandmother, wrote to the court on Lewis's behalf. Lewis stated that he felt lucky to have a chance at a different sentence, that the 30-year sentence "opened [his] eyes," and that he was attempting to better himself. Lewis's nephew also spoke, stating that Lewis had helped him to stay out of trouble and that they had developed a strong family bond after Lewis was released from prison. The Government reiterated its request for a 360-month sentence for essentially the same reasons set forth in its sentencing memorandum.

After listening to the arguments, the district court concluded that a 360-month sentence was appropriate, citing Lewis's criminal history and the failure of the 10-year sentence to deter him from criminal conduct. The court was not convinced that Lewis was "on that road of rehabilitation," or that he had "removed himself" from the likelihood of repeating his behavior. As for Lewis's familial support, the court noted that Lewis engaged in behavior that took him from his family and daughter for years, and that the person his nephew described was not the one the court recalled from the trial evidence. Although the court took note of Lewis's "commendable" behavior in federal prison, because of Lewis's return to crime within two years of his release, the court determined that a longer sentence was required to "impress upon [Lewis] the need to correct

No. 12-30175

his conduct, as well as the need to deal with the needs of his own family." Lewis filed a timely notice of appeal.

## STANDARD OF REVIEW

This court reviews the length of a criminal sentence for abuse of discretion, looking to whether the sentence was reasonable in light of the factors set out in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). In imposing a sentence, the district court must calculate the applicable Guidelines range, entertain arguments from the parties for the sentence they believe appropriate, and then consider the § 3553(a) factors to determine whether these factors support the requested sentences. *Id.* at 49-50. Assuming that the district court's sentencing decision is procedurally sound, a decision to deviate from a Guidelines sentence, and to what extent, is entitled to deference in light of the district court's superior position to find facts, make credibility determinations, and gain "insights not conveyed by the record." *Id.* at 51. An appellate court may not apply a presumption of unreasonableness to sentences outside the Guidelines range. *Id.*

## DISCUSSION

Lewis contends that his sentence is substantively unreasonable because his conviction was for a single, non-violent drug transaction, his two prior convictions occurred more than 15 years ago, and since the imposition of the original 30-year sentence he has worked in the prison industries program, completed a drug program and classes on parenting, has had no disciplinary infractions, and has enjoyed strong family support. Although Lewis acknowledges that he committed the current offense within two years of completing his prior sentence, he argues that this does not justify a deviation of 240 months from his Guidelines sentence. He also argues that the imposition of a 30-year sentence was improperly influenced by the original career offender determination.

4

No. 12-30175

Under 18 U.S.C. § 3553(a), a court evaluates, among others, the following factors when imposing a criminal sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1), (2).  A sentence imposed outside of the Guidelines is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Tzep-Mejia*, 461 F.3d 522, 528 (5th Cir. 2006) (citation and internal quotation marks omitted).  Upward variances will be upheld as long as they are accompanied by an explanation that demonstrates their substantive reasonableness under the statutory sentencing factors.  *See United States v. Smith,* 440 F.3d 704, 707 (5th Cir. 2006).

Under this standard, the district court did not abuse its discretion in imposing a sentence of 360 months.  The district court explicitly considered the facts presented by the parties, and found that a 30-year sentence was necessary to promote Lewis's respect for the law, afford adequate deterrence to Lewis's

No. 12-30175

criminal conduct, and protect the public from being victimized by Lewis's future crimes. *See* § 3553(a)(2)(A)–(C). In particular, the court recognized that Lewis's second and third criminal convictions both occurred within two years of his release from prison for a prior offense, and that:

> These are serious convictions that he's had, very serious convictions and it seems to just keep getting worse. If a 10-year sentence that he received less than two years before committing this offense didn't help him, or impress upon him the need to correct his conduct, as well as the need to deal with the needs of his own family, I just can't ignore that.

Although testimony was offered that Lewis was on the path to reformation, the district court concluded that this testimony was ultimately unpersuasive in light of the nature of Lewis's offense, Lewis's history of criminal conduct, and Lewis's own testimony during the sentencing hearing.

In addition, Lewis allegedly held a job as a construction worker prior to his arrest, indicating that he possessed skills that could have provided him with an occupation outside of the criminal realm had he so chosen. Although this might not, standing alone, justify the imposition of an extended stay in prison, in the context of this case it provides further support for the district court's conclusion, especially given the court's analysis under the other § 3553 factors.

Lewis contends that the district court abused its discretion because "[t]hirty years of imprisonment would not ever have been under consideration had the district court not originally sentenced Lewis as a career offender." However, at re-sentencing the district court specifically stated that the 360-month sentence would have been imposed at the time of the original sentencing, "with or without the guidelines." Accordingly, there is no merit to Lewis's contention that the 30-year sentence was substantively unreasonable.

No. 12-30175

## CONCLUSION

The district court appropriately considered the § 3553(a) factors in imposing a 360-month sentence for Lewis's criminal conviction. Especially notable is the court's conclusion that, given the circumstances of Lewis's crime, the lengthy sentence was necessary to impress upon him the need to correct his conduct and deal with the needs of his family. There is no evidence that the district court failed to take account of a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the sentencing factors. Accordingly, the district court did not abuse its discretion in imposing the 360-month sentence, and Lewis's sentence is AFFIRMED.