# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2014

Lyle W. Cayce
Clerk

No. 13-10371
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY CARL TINER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-239-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Johnny Carl Tiner appeals his 120-month sentence, which was above the advisory guidelines range of imprisonment. Tiner was convicted after he pleaded guilty to being a felon in possession of a firearm. He argues that the district court erred when it upwardly departed pursuant to U.S.S.G. § 4A1.3 because the prior convictions on which the district court based its above-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines sentence were not similar to the instant conviction; nor were they serious offenses.

The record reflects, however, that the district court did not impose a sentence based on an upward departure as allowed by the Sentencing Guidelines but imposed a non-guidelines sentence, or variance, that was outside the guidelines range. *See United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006). Thus, Tiner's arguments about the district court's failure to comply with § 4A1.2 are inapposite. Moreover, Tiner has not adequately briefed a challenge to the upward variance. *Cf. Smith*, 440 F.3d at 706-07; *see* FED. R. APP. P. 28(a)(8). Therefore, whether the district court's 120-month upward variance sentence was reasonable is arguably not properly before us. *See United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003).

Notwithstanding Tiner's inadequate briefing, we defer to the district court's determination of the appropriate sentence based on the 18 U.S.C. § 3553(a) factors and find that the sentence imposed was procedurally sound and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 48-51 (2007); *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011); *Smith*, 440 F.3d at 707-10.

The district court emphasized Tiner's recidivism, noting that when he was 18 years old he was given the benefit of the doubt and received deferred adjudication, yet he continued to offend, and ultimately received sentences. After serving a prison sentence, he was charged with more offenses for which he received no criminal history points. The district court referenced § 3553(a) and stated that in light of this history, it considered Tiner "a very dangerous person" and found that a "significant sentence" was necessary to protect the public.

No. 13-10371

Thus, the district court made an individualized assessment and concluded that the guidelines range gave insufficient weight to some of the sentencing factors. *See Smith*, 440 F.3d at 708; § 3553(a). The district court's reasons for imposing a variance adequately reflect the § 3553(a) factors; the court addressed the § 3553(a) factors and cited fact-specific reasons for imposing a non-guidelines sentence. *See United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006). In light of the district court's explanations, the extent of the variance was reasonable. *See McElwee*, 646 F.3d at 338; *Smith*, 440 F.3d at 708.

AFFIRMED.