# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK ANTHONY LEWIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-116-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Lewis appeals his sentence following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that his non-Guidelines sentence of 96 months of imprisonment is substantively unreasonable. Our review is for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10024

In reviewing for reasonableness, we assess whether the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) support the sentence. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). "A non-Guideline sentence is unreasonable where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 708 (internal quotation marks and citation omitted).

The district court determined that in light of the nature and circumstances of the offense and the history and characteristics of the defendant, an above-Guidelines sentence was necessary in order to deter future criminal conduct and to protect the public. The court emphasized Lewis's criminal history, which it found to be underrepresented in light of his uncharged criminal conduct, and his apparent failure to rehabilitate. A "defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." *Smith*, 440 F.3d at 709. A defendant's rapid return to criminal conduct is also a factor that the court may consider, as it relates to the history and characteristics of the defendant. *See id.*

Further, the district court was not precluded from considering Lewis's uncharged conduct in assessing him a sentence above his guidelines range. *See, e.g., United States v. Newsom*, 508 F.3d 731, 735 (5th Cir. 2007) (affirming upward departure based on "criminal and dangerous uncharged conduct" not accounted for in advisory guidelines range). In sum, Lewis has not shown any abuse of discretion in the district court's determination of his sentence. *See, e.g., United States v. Tzep-Meja*, 461 F.3d 522, 528 (5th Cir. 2006) (finding no error of judgment in district court's balancing of the sentencing factors).

AFFIRMED.