**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 11, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-10084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

RANDALL B. MORROW, also known as Randy Morrow,

Defendant-

Appellant.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-95-ALL
--------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

      Randall B. Morrow appeals the 120-month sentence imposed following his guilty plea

conviction for engaging in monetary transactions derived from specified unlawful activity, aiding and

abetting. Morrow argues that the appeal waiver contained in his plea agreement does not bar this

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal. Because the Government does not seek to enforce the appeal waiver, it is not binding on Morrow, and this court will address the merits of his arguments. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

Morrow contends that the district court failed to provide notice of its intent to upwardly depart from the advisory guidelines range, as required by FED. R. CRIM. P. 32(h). The district court imposed a non-guidelines variance as opposed to an upward departure under the Guidelines. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); *United States v. Armendariz*, 451 F.3d 352, 358 n.5 (5th Cir. 2006). Therefore, the district court was not required to give notice of its intent to impose a non-guidelines sentence. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007), *petition for cert. filed*, 75 U.S.L.W. 3585 (U.S. Apr. 18, 2007) (No. 06-1381).

Morrow also argues that his 120-month non-guidelines sentence is unreasonable. The district court cited fact specific reasons for the imposition of Morrow's sentence and addressed the factors of 18 U.S.C. § 3553(a). *See United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006). Further, the court's consideration of the vulnerability of the victims was not in error. *See United States v. Rajwani,* 476 F.3d 243, 250 (5th Cir.), *opinion modified*, 479 F.3d 904 (2007). Because the district court did not fail to account for a factor which should have received significant weight, give significant weight to an improper factor, or make a clear error of judgment in balancing sentencing factors, Morrow's sentence is reasonable. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.