# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2008

Charles R. Fulbruge III
Clerk

No. 05-51642
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN VALDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
5:04-CR-603-5

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant, John Valdez, pleaded guilty to possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 108 months' imprisonment. Valdez appealed, and this court ordered a limited remand for clarification. The district court issued a written order and an amended judgment, which Valdez again appeals. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

In 2004, the United States Bureau of Immigration and Customs Enforcement (ICE) received information that Valdez's co-defendant, Armando Nolasco, was trafficking narcotics from Mexico to San Antonio and Dallas, Texas. ICE initiated a court-authorized wire interception of Nolasco's cellular telephone, during which ICE learned Nolasco was arranging for a then-unknown individual, Valdez, to carry methamphetamine.

Based on the telephone calls, ICE determined that Nolasco planned to meet Valdez in the parking lot of the Incarnate Word University in San Antonio. While surveilling the meeting, ICE observed Nolasco deliver to Valdez a bag that ICE assumed contained narcotics. As Valdez left the scene, ICE notified the San Antonio Police Department to develop probable cause for a traffic stop. During the stop, Valdez permitted the officers to search his vehicle. The officers found the bag, which contained nearly seven kilograms of methamphetamine.

Valdez and eight co-defendants were charged with trafficking in methamphetamine. Valdez pleaded guilty to one of the two counts against him. Valdez admitted he knew Nolasco through their telephone calls, and that a "rich guy" at a party in Piedras Negras, Mexico had recruited Valdez. Valdez anticipated this would be a one-time transaction, for which he would be paid a few thousand dollars.

The probation office determined that the weight and purity of the narcotics found in Valdez's vehicle resulted in a base offense level of 38 under U.S.S.G. § 2D1.1(c). The probation officer reduced the offense level by two levels under U.S.S.G. § 5C1.2 and by three levels for acceptance of responsibility. With an offense level of 33, Valdez's presentence report recommended a sentence range of 135 to 168 months' imprisonment.

At sentencing, Valdez requested a sentence below the advisory range,

citing United States v. Booker.[1]  The district court said the plea agreement demonstrated that Valdez had played a minor role, which would have reduced Valdez's offense level to 27, with a range of 70 to 85 months' imprisonment. Citing 18 U.S.C. § 3553(a), the district court declined to sentence Valdez within the adjusted range of 70 to 85 months' imprisonment.  Instead, the district court sentenced Valdez to 108 months' imprisonment.  Valdez appealed, and this court granted a limited remand requiring the district court to clarify its sentence.

## II

Valdez originally argued that the district judge was unclear whether the sentence was a non-Guidelines or Guidelines sentence.  We note at the outset that, on limited remand, the district court stated it intended a non-Guidelines sentence.  We review all sentences under a deferential abuse-of-discretion standard.[2]  First, we must ensure the district court committed no significant procedural error, such as failing to calculate or improperly calculating the Guidelines range, then we must review for substantive reasonableness.[3]

## A

We begin by examining whether the district court committed significant procedural errors; specifically in this case, we must determine whether the district court improperly calculated the applicable Guidelines range.[4]  At the original sentencing, Valdez requested a minor-role adjustment under U.S.S.G. § 3B1.2(b), which requires a two-level downward adjustment if the defendant

---

[1] 543 U.S. 220 (2005).

[2] Gall v. United States, 128 S. Ct. 586, 591 (2007).

[3] Id. at 597.

[4] See id. ("[The appellate court] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . .").

was a "minor participant" in the criminal activity.[5]  Such a reduction would trigger a further downward adjustment under § 2D1.1(b).

At the original sentencing, the district court "f[ound] that the defendant played a minor role" and granted him one two-level downward adjustment.  The district court then stated "if I traditionally followed the sentencing Guidelines," Valdez would receive a series of adjustments "result[ing] in a recommended sentencing guideline of 70 to 87 months.  That is not appropriate in this case." On limited remand, the district court stated:

> Post-Booker this Court is still required to determine a properly calculated Guideline sentence.  As stated above, the Court found Valdez's criminal history category at I and his total offense level at 33.  The Court, however, elected to exercise its discretion to give a non-Guideline sentence (as requested by Defendant's counsel) after considering other ranges that could apply to the Defendant.
>
> During the sentencing hearing the Court was aware that if it granted a minor role adjustment, a total offense level of 27 would be the result.  The Court determined that a sentence in that range would not be appropriate because the Defendant did not care as to what contraband he was conspiring to traffic in, and he expected to receive [] substantial remuneration for his efforts.
>
> The Court also concluded that a sentence at a total offense level of 33 was not appropriate because of § 3553(a) factors and the fact that Valdez played a minor role in these transactions.  Accordingly, the Court pronounced a sentence at a total offense level of 31 and ordered Defendant to be imprisoned for a term of 108 months.

At the original sentencing, it appeared the district court had merged its Guidelines calculation with its individualized assessment—essentially calculating the Guidelines range and rejecting it per § 3553(a) in one step.  Now, we conclude the judge has improperly calculated the Guidelines range.  On remand, the district judge again stated "the Court was aware that if it granted

---

[5] UNITED STATES SENTENCING GUIDELINES MANUAL § 3B1.2(b) (2004) (U.S.S.G).

a minor role adjustment, a total offense level of 27 would be the result."[6] But the district judge previously found Valdez had a minor role that merited the downward adjustment, therefore the total offense level was 27—not 33, as the district judge found on remand.

While a district court's error in applying the Guidelines ordinarily requires this court to vacate the sentence,[7] we conclude, based on the record's entirety, that the district court's miscalculation was harmless and did not affect the selection of the sentence imposed.[8] "If a district court imposes a non-Guideline sentence, and the sentence did not 'result from' any error in applying the Guidelines or calculating the advisory range," we need not vacate the sentence.[9]

In this case, the district court was aware of the correct Guidelines range of 70 to 87 months' imprisonment. The district judge concluded that such a sentence "[wa]s not appropriate in this case." We find it improbable that the district judge would have imposed a different sentence had he explicitly stated that this range was the correct Guidelines range, as opposed to one of "other ranges that could apply to the Defendant," as the district judge wrote.

### B

We now must consider the substantive reasonableness of the sentence using an abuse-of-discretion standard.[10] The court imposed a non-Guidelines

---

[6] Emphasis added.

[7] United States v. Tzep-Mejia, 461 F.3d 522, 526 (5th Cir. 2006).

[8] See United States v. Davis, 478 F.3d 266, 273 (5th Cir. 2007) ("The Supreme Court explained that 'once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.'" (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

[9] Id. (citation omitted)

[10] Gall v. United States, 128 S. Ct. 586, 591 (2007).

sentence because "the Defendant did not care as to what contraband he was conspiring to traffic in, and he expected to receive [] substantial remuneration for his efforts."

Valdez first argues the district judge's conclusion regarding the type of contraband was unreasonable because the facts show Valdez knew he was trafficking "crystal meth," though he did not know its purity. Moreover, Valdez argues the court's "minor role" finding included an "implicit [finding] that he did not know about the quality of the drug he carried." Specifically, Valdez notes that the Guidelines' commentary makes clear that purity-based departures are "probative of the defendant's role or position."[11] Additionally, Valdez argues the Guidelines already make a purity-based distinction in setting the defendant's base offense level. Therefore, he argues the sentence is unreasonable.

As a general matter, "courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines."[12] Thus like the holding in Kimbrough v. United States that a district court can disagree with the 100-to-1 crack-to-cocaine sentencing ratio,[13] the district judge can disagree with the Guidelines' policy that purity is indicative of role or that purity is adequately provided for in Valdez's base level.

Next, Valdez argues that the district judge's conclusion that Valdez's payment expectations merited a non-Guidelines sentence is unreasonable. The record clearly establishes that Valdez believed he would receive a substantial cash payment for the transaction. Since the record establishes Valdez's belief, we defer to the district court to impose a sentence based upon that fact. As the Supreme Court recently stated:

---

[11] U.S.S.G. § 2D1.1 cmt. n. 9 (2004).

[12] Kimbrough v. United States, 128 S. Ct. 558, 569 (2007) (brackets in original).

[13] Id. at 564.

The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court.[14]

\* \* \*

While the district judge erred in calculating the applicable Guidelines range, the miscalculation was harmless. Finding no abuse of discretion, we AFFIRM the district court's sentence.

---

[14] Gall v. United States, 128 S. Ct. 586, 597-98 (2007) (quotation marks and citations omitted).