EMILIO M. GARZA, Circuit Judge,
dissenting:
The panel majority, like the district court, ignores the obvious dictates of Gall: there can be no properly calculated Guidelines range when the district court errs in applying a 16-level crime-of-violence enhancement. Moreover, the majority seems to condone the district court’s statement: “I believe that I have calculated the guidelines correctly, but even if I am wrong about the guidelines, this is the sentence that I would impose in any event.” This statement flies in the face of Gall, which states that a properly calculated guidelines range is a prerequisite to a reasonable sentence.
In Gall v. United States, — U.S. -, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the Supreme Court articulated that appellate review of sentences post-Booker involves a bifurcated process. Prior to reviewing a sentence for reasonableness under an abuse-of-discretion standard, we:
must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including a deviation from the Guidelines range.
Gall, 128 S.Ct. at 597; see United States v. Gisneros-Gutierrez, 517 F.3d 751 (5th Cir.2008) (recognizing that Gall bifurcates the process for reviewing a sentence). Implied in the majority opinion is a viewpoint that Gall relaxed our appellate review of district court sentencing. I agree to an extent. See Gall, 128 S.Ct. at 600 (noting that the appellate court “failed to demonstrate the requisite deference to the District Judge’s decision”). However, this relaxation applies to our review of a sentence’s reasonableness. Gall makes clear that we must first determine whether district courts have complied with certain procedural requirements before sentences can be tested for reasonableness. See Gall, 128 S.Ct. at 597 (“Assuming that the district court’s sentencing decision is pro-eedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.”).
Although (perhaps the proper word is “because”) I agree with the majority’s conclusion that the district court erred in treating Bonilla’s New York conviction as a crime of violence, by affirming the district court’s sentence in this case, the majority effectively ignores Gall’s procedural requirements and commits three distinct errors in the process. First, the majority errs by imputing two Guidelines range calculations to the district court: one including the erroneous crime-of-violence enhancement and one without the en *660 hancement. But the district court failed to calculate an alternative Guidelines range without the enhancement, and therefore the majority has no basis for finding that the district court properly calculated the Guidelines range before imposing a non-Guidelines sentence. Second, given the record in this case, the majority mistakenly concludes that the district court imposed a non-Guidelines sentence. The district court’s statement that it would impose the same sentence “whether or not the court turns out to be wrong about the enhancement,” is insufficient to trigger a Rita/Gall reasonableness review of Bonilla’s sentence as a non-Guidelines sentence. Finally, even assuming we could review the sentence as a non-Guidelines sentence, the district court failed to “adequately explain the chosen sentence” in light of the factors set forth in § 3553(a). Gall, 128 S.Ct. at 597. For these reasons, I respectfully dissent.
Relying on United, States v. Tzep-Mejia, 461 F.3d 522 (5th Cir.2006), the majority concludes that we need not vacate Bonilla’s sentence because it did not result from an incorrect application of the sentencing guidelines. See id. at 525-26 (noting that Booker did not excise 18 U.S.C. § 3742(f)). However, the majority does not confront the stark differences between this case and Tzep-Mejia. In Tzep-Mejia, the district court carefully calculated two potentially applicable Guidelines’ ranges and then provided fact-specific reasons for applying a non-Guidelines sentence between those two ranges. See Tzep-Mejia, 461 F.3d at 526-27. Unlike Tzep-Mejia, the district court here did not state the multiple Guidelines ranges that it considered. Presumably, the alternative Guidelines range would be the applicable Guidelines range without the crime-of-violence enhancement. Without the enhancement, the Guidelines range is 4 to 10 months’ imprisonment, which results from Bonilla’s base offense level of 8, coupled with his criminal history category of II. See U.S. Sentencing Guidelines Manual (“USSG”) § 2L1.2(a) (2005). Taking into account the three-level reduction for Bonilla’s acceptance of responsibility, the proper range would be 0 to 6 months. See USSG Ch. 5. Pt. A, Sentencing Table. However, the district court never adopted an alternative Guidelines range. And the district court never indicated that it was considering both a Guidelines sentence of 41 months based on the crime-of-violence enhancement, and a non-Guidelines sentence of 41 months based on an upward variance of 35 to 41 months from an alternative Guidelines range of 0 to 6 months that did not include the enhancement. Significantly, the panel majority’s opinion does not explicitly deny that a crime-of-violence enhancement under USSG § 2L1.2 is essential to a properly calculated Guidelines range.
To avoid the erroneous enhancement, the majority attributes to the district court an alternative, properly calculated Guidelines range that did not include the enhancement. But as noted above, the district court never articulated any Guidelines range aside from the range including the enhancement. By recognizing a properly calculated alternative Guidelines range in this case, the majority implicitly approves of a procedure whereby an appellate court can ignore an erroneous crime-of-violence enhancement to create a proper Guidelines range calculation, even when the district court has not done the same. When the district court does not provide a separate Guidelines calculation, we cannot ignore an erroneous crime-of-violence enhancement, as it is an essential component of the Guidelines calculation under USSG § 2L1.2. The application instructions charge courts to “[djetermine the base offense level and apply any appropriate spe *661 cific offense characteristics, cross references, and special instructions contained in the particular guideline.” USSG § lBl.l(b). The crime-of-violence enhancement is a “specific offense” characteristic under § 2L1.2. See USSG § 2L1.2(b) (providing for the crime-of-violence enhancement as a “specific offense characteristic” applied to the base offense level of 8). Clearly, the Supreme Court had more in mind, when it set out the requirement that district courts properly calculate the Guidelines range, than simply requiring district courts to locate the initial base offense level for the crime. See Gall, 128 S.Ct. at 597. Without a clear indication that the district court considered multiple Guidelines ranges, as we had in Tzep-Mejia, we cannot separate an erroneous crime-of-violence enhancement from the initial base offense level in evaluating the district court’s Guidelines calculation. Therefore, the district court erred in calculating Bonilla’s Guidelines range.
Although the district court stated that it would have imposed the same sentence regardless of the Guidelines calculation, the district court’s actions strongly indicate that it sought to impose a Guidelines sentence relying on the crime-of-violence enhancement. During the sentencing hearing, the district court overruled Bonil-la’s objection to the crime-of-violence enhancement, stating that “the court does find that the enhancement is warranted.” The judge also stated that “I believe I have calculated the guidelines correctly,” and that the sentence imposed “does happen to be a sentence within the guideline range.” The district court’s written statement of reasons for the judgment adopted the PSR without change. The PSR indicated that the 16-level enhancement was proper and that the resulting Guidelines range was 41-51 months. The PSR did not provide reasons for considering any other Guidelines range or a non-Guidelines sentence, notwithstanding the panel majority’s indication to the contrary. The majority states that the “reports [considered by the district court] also include the probation office’s recommendation for a sentence of 41 months.” The majority fails to include the fact that the probation office’s 41-month recommendation relied on the erroneous crime-of-violence enhancement. Also, the district court’s statement of reasons reflects the “court determination of the advisory guideline range” as 41-51 months. In the statement of reasons for the judgment, the district court checked off the section signaling that it was imposing a “sentence within an advisory guideline range.” The statement of reasons includes no indication that the district court also sought to impose an alternative, non-Guidelines sentence. Further, treating the district court’s sentence as a non-Guidelines sentence leads to application of 18 U.S.C. § 3553(c)(2), which requires the district court to provide “reasons ... stated with specificity in the written order of judgment and commitment” to justify a non-Guidelines sentence. See United States v. Jones, 444 F.3d 430, 442-43 (5th Cir.2006) (explaining that § 3553(c)(2) remains binding post-Booker). Here, the district court’s statement of reasons provides no support for a non-Guidelines sentence.
I fail to see how the majority can separate the district court’s erroneous crime-of-violence enhancement from the sentence imposed. Unlike the situation in Tzep-Mejia, the record in this case shows that the district court improperly calculated the Guidelines range, and that it imposed a sentence resulting from the improper calculation. See 18 U.S.C. § 3742(f)(1) (requiring remand of sentences “imposed as a result” of error in Guidelines calculation). Gall makes clear what our precedent and § 3742(f)(1) already require in this sitúa *662 tion: we must vacate and remand for re-sentencing. See Gall, 128 S.Ct. at 597 (instructing appellate courts to first ensure that district courts properly calculate the applicable Guidelines range); Tzep-Mejia, 461 F.3d at 526 (“If the district court makes an error in an application of the Guidelines, we vacate the resulting sentence without reaching the sentence’s ultimate reasonableness.”).
Even assuming that the district court properly calculated the Guidelines range such that we could review the sentence as a non-Guidelines sentence, the district court failed to meet Gall’s requirement that the court adequately explain its non-Guidelines sentence based on the factors set forth in § 3553(a). See Gall, 128 S.Ct. at 597. The district court’s statement that it “considered the arguments made earlier as well as the information in the report,” suggests that it was aware of the government’s position that the court could use Bonilla’s prior crime to justify a non-Guidelines sentence. However, the district court never adopted this reason during the hearing, nor did it state any other reasons consistent with § 3553(a) to justify a non-Guidelines sentence. The fact that the district court provided a statement of reasons consistent with the application of a Guidelines sentence including the erroneous enhancement undermines the idea that the district court adopted the government’s non-Guidelines argument.
The statutory problem with the district court’s lack of reasons has already been noted. But the Supreme Court cases cited by the majority also indicate that the district court was required to provide more than it did to adequately explain the non-Guidelines sentence in this case. As quoted by the majority, Rita indicates that § 3553(c) does not “insist[] upon a full opinion in every case.” Rita v. United States, — U.S. -, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). However, the “appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances.” Id. In the specific circumstances presented by Rita, the Supreme Court found the district judge’s brief statement to be legally sufficient for a sentence imposed within the properly calculated Guidelines range. See id. (“[W]hen a judge decides to simply apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.”). Rather than reviewing a within-Guidelines sentence, here, the majority struggles to analyze Bonilla’s sentence as an alternative non-Guidelines sentence. Under the circumstances of this case, where the crime-of-violence enhancement was challenged below and the imposition of a non-Guidelines sentence is dubious, we must require more of the district court than a simple generalization: “the court has considered the arguments made earlier ... and as well as the information in the report ... [a]nd keeping in mind the factors that the court has to consider in imposing a sentence, the court is going to impose a sentence it believes to be reasonable.” See id. (“Where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so.” (emphasis added)); Gall, 128 S.Ct. at 597 (“If [the judge] decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.”). Our deference to district courts in sentencing stems from their “superior position to find facts and judge their import under § 3553(a)” and their “institutional advantage” in seeing many more Guidelines sentences than do appellate courts. See Gall, 128 S.Ct. at 597-98. When a district court exercises these advantages and provides reasons for its non-Guidelines sentences, it promotes the per *663 ception of fair sentencing and our deference is certainly warranted. See id. at 597; Rita, 127 S.Ct. at 2463 & 2467. In contrast, a non-Guidelines sentence based on the district court’s unsupported conclusion as to reasonableness does not promote perception of fair sentencing; it hinders it. Moreover, the appellate court is left to speculate as to the reasons supporting the district court’s sentence, like the majority does in this case.
The majority’s strained attempt in Part III to explain the reasonableness of the district court’s sentence provides a glaring example of the speculation required when the district court fails to provide any reasons of its own. To provide support for the non-Guidelines sentence that the district court did not impose, the majority tasks itself with reviewing “the entire sentencing record” to find reasons the district court may have used had it imposed a non-Guidelines sentence. But none of the majority’s rationale was ever mentioned or adopted by the district court. Moreover, the panel majority seems to admit the inadequacy of the rationale provided by the district court, finding the district court’s reasons to be “minimally sufficient,” and “strongly recommending]” that future district courts state reasons explicitly on the record. The majority recognizes that “[a] clear statement of reasons on the record also serves to prevent the inefficiency that would result from remand and resentencing if on appeal we had been unable to determine the court’s reasons from the record.” This perceived inefficiency in remanding Bonilla’s individual case, rather than the Supreme Court’s dictates in Gall and Rita, seemingly drives the majority’s decision to affirm.
While the majority suggests that remand in this individual case may be inefficient, I believe that affirming this non-Guidelines sentence could create more troubling inefficiencies in the future. The majority’s opinion may be taken to say that if the district court indicates any intent to impose an alternative non-Guidelines sentence, then we as an appellate court will scour the record to determine whether we can affirm such a sentence. Rita and Gall made clear that the job of justifying such sentences is not ours. And while I do not intend to preclude the practice of alternative sentencing by district courts, alternative sentences must comply with the requirements set forth in the Sentencing Reform Act and the Supreme Court’s decisions. See United States v. Smalley, 517 F.3d 208, 213-14 (3d Cir.2008). I recognize that were we to remand, the district court could have at its disposal the necessary tools to impose a reasonable non-Guidelines sentence of 41-months’ imprisonment. See United States v. Lopez-Salas, 513 F.3d 174, 181 (5th Cir.2008) (per curiam) (noting that a prior violent offense, even if not a “crime of violence” under the Guidelines, could be used to justify a non-Guidelines sentence under § 3553(a)). And while this may be true, the Supreme Court’s recent precedent makes it clear that sentencing is the job of the district court, not the appellate court. As such, we should vacate and remand to allow the district court to resen-tence Bonilla without the erroneous crime-of-violence enhancement.
For the foregoing reasons, I respectfully dissent.