# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20728
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR LERMA RODRIGUEZ, also known as Jesus Oscar
Rodriguez-Lerma, also known as Jesus Oscar Rodriguez, also
known as Oscar Rodriguez-Lerma,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-101-1

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Lerma Rodriguez (Lerma) appeals the 90-month sentence imposed following his guilty plea conviction of illegal reentry of a deported alien. He argues that the district court procedurally erred by failing to calculate the advisory guidelines range. He also contends that the sentence imposed was greater than necessary to comply with the factors in 18 U.S.C. § 3553(a), and he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues for the first time that he should be resentenced because the decisions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), broadened the district court's discretion in imposing a non-guidelines sentence and the 16-level enhancement for having a prior crime of violence is not empirically supported.

Following United States v. Booker, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to Gall, 128 S. Ct. at 596-97, this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for an abuse of discretion. Id. at 597. "Not all errors in determining a defendant's guidelines sentence require reversal." United States v. Bonilla, 524 F.3d 647, 656 (5th Cir. 2008). We may affirm where the district court imposes a non-Guidelines sentence that did not "directly result" from an error in calculating the Guidelines. Id.

At sentencing, the defendant argued that an eight-level enhancement should apply, and the Government argued that the PSR correctly calculated that the 16-level enhancement under U.S.S.G. § 2L1.2 should apply. The district court considered the two guidelines ranges, rejected both of them, and permissibly exercised its discretion to impose a non-Guidelines sentence. We find no reversible procedural error. See United States v. Duhon, _ F.3d _, No. 05-30387, 2008 WL 3843073 at *3 (5th Cir. Aug. 18, 2008); Bonilla, 524 F.3d at 656-57, 559; United States v. Tzep-Mejia, 461 F.3d 522, 526-27 (5th Cir. 2006).

Given Lerma's extensive criminal record, the district court did not abuse its discretion in imposing a 90-month sentence. See United States v. Brantley, 537 F.3d 347, 349-50 (5th Cir. 2008). Finally, Lerma has not established plain error with respect to his assertions that he should be resentenced based on Gall

and Kimbrough and because the 16-level enhancement was not empirically supported. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.