# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2010

No. 09-50928
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE SOLIS-CASTILLO

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-531-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Solis-Castillo appeals his sentence. He pled guilty to illegal reentry into the United States after having previously been removed, in violation of 8 U.S.C. § 1326(a) & (b)(2). At sentencing, the district court varied upwardly from Solis-Castillo's calculated Guidelines imprisonment range of 41 to 51 months and imposed an 80-month prison sentence. Solis-Castillo argues that his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50928

Sentences are viewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). We utilize an abuse of discretion standard to consider the substantive reasonableness of the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court thoroughly addressed the Section 3553 factors and cited fact-specific reasons for imposing the non-Guidelines sentence. *See United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006). The district court did not fail to account for a factor which should have received significant weight, give significant weight to an irrelevant or improper factor, or make a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). In light of its finding of an under-representation of Solis-Castillo's criminal history, the nature of his prior offense, and the need to protect the public as well as to deter future criminal conduct, the district court did not abuse its discretion in imposing a sentencing variance. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

Furthermore, although the 80-month sentence imposed was 29 months higher than advisory guidelines maximum of 51 months, this court has affirmed much greater non-guidelines sentences. *See, e.g., United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008) (affirming as reasonable a 60-month sentence imposed where the advisory guidelines range was 21 to 27 months in prison). Solis-Castillo has not shown that the district court imposed a substantively unreasonable sentence. *See Gall*, 522 U.S. at 51. Accordingly, the judgment of the district court is AFFIRMED.