# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2011

No. 10-50562
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CARLOS ESPINOZA-BENAVIDES, also known as Juan Carlos Espinoza-Benavidas,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1138-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Espinoza-Benavides appeals his sentence imposed following his guilty-plea conviction for illegal reentry into the United States. Espinoza was sentenced to 60 months' imprisonment, which constituted an upward variance from his advisory Sentencing Guidelines range of 33 to 41 months. He contends his sentence should be vacated as substantively unreasonable because it was greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50562

Although, post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Our court first examines whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51. If the decision is procedurally sound, we will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id*. Because Espinoza does not claim procedural error, the only issue on appeal is the substantive reasonableness of his sentence.

Espinoza contends: a within-Guidelines sentence would have been sufficient under 18 U.S.C. § 3553(a); and the district court gave no reason why a 60-month sentence was more appropriate. He also contends the court should have proceeded cautiously in determining the extent of his upward variance, because Sentencing Guideline § 2L1.2, governing his illegal-reentry conviction, produces relatively high Guidelines ranges, as its application results in counting defendants' criminal history both in increasing their offense levels and in calculating their criminal-history scores. Espinoza further asserts the court failed to consider: illegal reentry is, in effect, a minor crime involving international trespass; and he returned to the United States based on a benign motive—concern for the welfare of his mother.

In pronouncing Espinoza's sentence, the district court noted its upward variance was justified in the light of: Espinoza's uncounted criminal history; his habitual commission of theft offenses; his prior conviction of a drug offense; his refusal to show respect for the laws of the United States; the inability of prior terms of imprisonment to deter him from criminal conduct; and his history and

2

characteristics of continuing to commit offenses. Thus, the court made an "individualized assessment based on the facts presented" and concluded that the advisory-Sentencing Guidelines range gave insufficient weight to some of the sentencing factors. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) (internal citation and quotation marks omitted); *see* 18 U.S.C. § 3553(a). The court cited fact-specific reasons for imposing a non-Guidelines sentence, and its reasons for imposing a variance adequately reflected the § 3553(a) sentencing factors. *See United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006). Accordingly, Espinonza's above-Guidelines sentence was reasonable "under the totality of the relevant statutory factors". *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal citation and quotation marks omitted).

Espinoza's remaining contentions are also without merit. Our court has rejected the position that use of a prior conviction to both increase the offense level and calculate the criminal-history category is impermissible. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). We also have implicitly rejected the assertion that a sentence is excessive because of illegal reentry's allegedly being a minor trespassing crime. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, the district court considered Espinoza's motive for returning to the United States and concluded it did not outweigh other sentencing factors justifying an upward variance. The sentencing judge's assessment of the § 3553(a) factors is entitled to deference. *Gall*, 552 U.S. at 51; *see United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.