**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jesus Negrete MORENO, also known as Martin Hernandez–Cortez, Defendant–Appellant.**

**No. 11–50009**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Jesus Negrete Moreno appeals the sentence imposed following his guilty-plea conviction for illegal reentry into the United States. Moreno was sentenced to 60 months' imprisonment, which constituted an upward variance from his advisory Guidelines sentencing range. The advisory Guidelines sentencing range was 10 to 16 months. Moreno contends his sentence should be vacated as substantively unrea-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sonable because it was greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a) (setting forth factors courts must consider in imposing sentences).

Post–*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The district court's application of the Guidelines is reviewed *de novo*; its findings of fact, only for clear error. *E.g., United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir.2008). Our court first examines whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51, 128 S.Ct. 586. If the district court's decision is procedurally sound, this court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id.* Moreno does not claim procedural error.

At issue is the substantive reasonableness of his sentence. Moreno maintains the district court: imposed his 60–month sentence without considering whether a lesser sentence would have been sufficient; failed to consider that illegal reentry is, in effect, merely an international-trespass offense; should have proceeded cautiously in determining his sentence because Guideline § 2L1.2, governing illegal reentry, produces relatively high Guidelines ranges, as its application allows prior convictions to be considered in calculating both criminal-history score and offense level; and failed to consider that he reentered the United States with a benign motive—to be with his family.

At sentencing, the district court made an "individualized assessment" and concluded that the advisory Guidelines sen-

tencing range gave insufficient weight to the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir.2008). The court explained that the upward variance was justified given, *inter alia*: Moreno's uncounted criminal history; his refusal to show respect for the laws of the United States; his history and characteristics of continuing to commit offenses; the need to protect the public from future criminal conduct; and the need to deter similar conduct by illegal aliens with equally substantial criminal histories. Along that line, the court cited fact-specific reasons for imposing a non-Guidelines sentence; and its reasons for imposing a variance adequately reflected the § 3553(a) sentencing factors. *See United States v. Tzep–Mejia*, 461 F.3d 522, 527 (5th Cir. 2006). Accordingly, Moreno's above-Guidelines sentence was reasonable "under the totality of the relevant statutory factors". *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir.2008) (citation and internal quotation marks omitted).

Moreno's remaining contentions also lack merit. Our court has rejected the assertion that a sentence is excessive because of illegal reentry's allegedly being a minor trespassing offense. *See United States v. Aguirre–Villa*, 460 F.3d 681, 683 (5th Cir.2006). We also have rejected the position that use of a prior conviction to both increase the offense level and calculate the criminal-history category is impermissible. *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir.2009). Finally, the district court considered Moreno's motive for returning to the United States and concluded that it did not outweigh other § 3553(a) sentencing factors justifying an upward variance. The district judge's assessment of those factors is entitled to deference. *Gall*, 552 U.S. at 51, 128 S.Ct.

586; *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.